## Crouse v. Schaffer

*Hess, Casale & Wise,* for plaintiffs.

*Martin M. Fine,* for defendants.

GREEVY, J., May 1, 1961.—The Fourth Ward Independent Club is a nonprofit corporation, formerly referred to as a corporation of the first class, and was originally organized for the purpose of maintaining a club for social enjoyment and to promote and encourage literary and educational interests among its members, but since February 20, 1949, when its charter was amended, has had as its purposes:

(a) Engaging in charitable activities for the general welfare of the people of Williamsport and vicinity as the board of directors see fit;

(b) Contributing funds to organized charities or other worthy projects in the City of Williamsport and vicinity as the board of directors see fit;

(c) To rent and maintain, or to own and maintain suitable quarters for the social benefit and enjoyment of its members;

(d) To give such aid to its members in time of need and distress as the board of directors sees fit, and

(e) To promote and encourage literary and educational interest among its members.

A special meeting of the members of the Fourth Ward Independent Club was duly called on November 11, 1960, for the purpose of considering whether the "club's" liquor license should be sold. Action was taken that the license should be sold to the highest bidder, if the price would be satisfactory to the majority of the members. On December 6, 1960, a meeting was called for the purpose of accepting or rejecting an offer for the license of $3,000, received from the Colored Elks. The offer was rejected, and the committee instructed to look for additional bids.

Another special meeting was duly held on January 19, 1961, and the offer of the Rainbow Chapter 76 A. H. E. P. A., of $4,000, for the "club's" liquor license was duly approved and accepted. There were 20 members of the total active membership of 30 present, and 16 members voted in favor of the action, and two opposed. An agreement was entered into with the Rainbow Chapter and the purchase price and liquor license turned over to the Pennsylvania Liquor Control Board to be held in escrow.

Plaintiffs' objections to the sale are as follows:

1. If the sale is allowed, plaintiffs and other members of the "club" will lose a valuable asset and property right.

2. The bylaws of the "club" do not provide for the sale of its property or assets.

3. The action to sell the license was not unanimous.

4. A roll call of the active members was not made prior to the vote.

5. The "club" officers failed to set forth what disposition would be made of the proceeds of the sale.

6. The "club" is still in existence.

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 PS §2851-1, et seq., is applicable. Section 302 of the law (15 PS §2851-302(5)), provides that every nonprofit corporation is given the power "To sell and convey, lease as lessor, and otherwise dispose of all or any part of its property and assets," subject only to limitations and restrictions contained in the act or its articles. There are no limitations or restrictions applicable here.

The special meetings were called in accordance with the bylaws of the "club," and at each meeting there was over a quorum present, the bylaws providing that 15 active members constitute a quorum.

The record is clear that at the January 19, 1961, meeting, 16 active members voted in favor of the sale of the club liquor license to the Rainbow Chapter, with only two members voting against it. There is no requirement that such action need be unanimous. It is the majority that speaks for the organization so long as there is nothing in the charter or bylaws of the "club" which will prevent it. There is nothing here to prevent it, and the will and action of the majority must prevail.

The entire issue in this case is whether the Nonprofit Corporation Law of May 5, 1933, as amended, applies, and we hold that it does. See Act of May 5, 1933, P. L. 289, art. 1, sec. 3; Act of August 26, 1953, P. L. 1453, sec. 1, 15 PS §2851-3.

Plaintiffs' arguments are without merit. The action complained of was properly authorized in accordance with the Fourth Ward Independent Club's charter, bylaws, and the Nonprofit Corporation Law of the Commonwealth of Pennsylvania. The action is binding, valid and effective against all the members. . . .

*Order*

And now, May 1, 1961, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. That a decree be and hereby is entered in favor of defendants.

2. That the costs be paid by plaintiffs.

The prothonotary is directed to enter this decree nisi and to give notice to the parties or their counsel of record of the entry of this decree, and if no exceptions are filed to the entry of this decree within 20 days thereafter, the decree shall be entered as a final decree by the prothonotary as of course.